UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SP SPOKANE WA-1-UT LLC , <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE CO., <br><br> Defendant. | CASE NO. 25-cv-01578-JHC <br><br> ORDER |

# I
## INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Remand. Dkt. # 7. The Court has considered the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. Being fully advised, the Court ORDERS jurisdictional discovery on the issue of diversity jurisdiction and DEFERS ruling on the motion pending the jurisdictional inquiry.

# II
## BACKGROUND

*Prior Action.* In April 2025, Plaintiff SP-Spokane, WA-1-UT filed a complaint in this District against Defendant Liberty Mutual. *SP-Spokane, WA-1-UT, LLC v. Liberty Mut. Fire Ins*.

ORDER - 1

*Co.*, No. 2:25-CV-00773-LK, Dkt. # 1 (Apr. 25, 2025). The complaint claimed original jurisdiction under 28 U.S.C. § 1332(a)(1) because of "complete diversity of citizenship between the Plaintiff, a business with its principal place of business in the State of Texas and the Defendant, a business with its principal place of business in the State of Massachusetts" and an amount in controversy over $75,000. *Id*. at 2.

On May 15, 2025, the Honorable Lauren King ordered Plaintiff to show cause,[1] concluding that "the record does not show that complete diversity exists or that the amount in controversy requirement is met" and directing Plaintiff to demonstrate why the case should not be dismissed for lack of subject matter jurisdiction. *SP-Spokane, WA-1-UT, LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:25-CV-00773-LK, 2025 WL 1413842, at *1 (W.D. Wash. May 15, 2025). Plaintiff responded to the order to show cause on May 28, 2025, claiming again that complete diversity existed and providing additional evidence that the amount in controversy exceeded $75,000. *See SP-Spokane, WA-1-UT, LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:25-CV-00773-LK, Dkt. # 10 (May 28, 2025). Based on the record before her, Judge King concluded that Plaintiff had failed to sufficiently allege citizenship of its members and thus had failed to establish diversity jurisdiction. *SP-Spokane, WA-1-UT, LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:25-CV-00773-LK, 2025 WL 1567931 (W.D. Wash. June 3, 2025). Accordingly, Judge King dismissed the matter without prejudice for lack of subject matter jurisdiction and granted Plaintiff 14 days to file an amended complaint to remedy the jurisdictional deficiencies in its

---

[1] Judge King took up the issue of subject matter jurisdiction *sua sponte*. *See SP-Spokane, WA-1-UT, LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:25-CV-00773-LK, 2025 WL 1413842 (W.D. Wash. May 15, 2025); *see also SP-Spokane, WA-1-UT, LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:25-CV-00773-LK, 2025 WL 1567931 (W.D. Wash. June 3, 2025). At no point did Defendant move for dismissal on jurisdictional grounds or otherwise contest Plaintiff's subject matter jurisdiction. *See generally SP-Spokane, WA-1-UT, LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:25-CV-00773-LK, Dkt.

ORDER - 2

complaint. *Id.* at *2. Plaintiff did not file an amended complaint,[2] *see generally SP-Spokane, WA-1-UT, LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:25-CV-00773-LK, Dkt., and the case was terminated.

*Present Action.* Plaintiff then filed a complaint in King County Superior Court. *See* Dkt. # 1-2. Defendant removed the case to federal court under 28 U.S.C. §§ 1332(a), 1441, and 1446, and it is now before the undersigned judge. Dkt. # 1. In the notice of removal, Defendant alleged that this Court has jurisdiction under 28 U.S.C. § 1332(a), as Plaintiff and Defendant "are not citizens of the same state" and" the amount in controversy exceeds $75,000." *Id.* at 2, 5. Plaintiff then filed the instant motion to remand, alleging that Defendant has not met its burden of establishing federal subject matter jurisdiction. Dkt. # 7 at 5.

## III
### DISCUSSION

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and complete diversity exists between the parties. 28 U.S.C. § 1332(a). In the case of multiple plaintiffs or defendants, complete diversity exists only if no plaintiff shares the same citizenship as any defendant. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). When a party to the action is a corporation, the party "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Ninth Circuit has further clarified that if the corporation is an LLC or a partnership, it shall be deemed "a citizen of

---

[2] According to Plaintiff, it did not file an amended complaint in this District because it "determin[ed] it would not be able to demonstrate subject matter jurisdiction." Dkt. # 7 at 4.

ORDER - 3

every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Although the party invoking federal jurisdiction bears the burden of establishing it, *see United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010), federal courts also "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In the removal context, the Ninth Circuit has stated that the removing party need not present "evidentiary submissions" to establish diversity jurisdiction. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). Instead, a notice of removal just needs to contain "plausible allegations of jurisdictional elements" that rely on "reasonable assumptions." *Id.* at 965.

Similarly, the Ninth Circuit has held that when "at least some of the information necessary to establish the diversity of the parties' citizenship [is] within the defendants' control[,]" a party may be relieved of its obligation to "affirmatively allege the citizenship" of the opposing party in its initial pleadings. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014); *see also Starr Indem. & Liab. Co. v. Point Ruston LLC*, No. C20-5539RSL, 2021 WL 3418824, at *5 (W.D. Wash. Aug. 5, 2021) (declining to dismiss a complaint for lack of subject matter jurisdiction when the party made efforts to determine the citizenship of each defendant based on the information reasonably at its disposal and the opposing party failed to proffer material evidence to contradict the allegations). It further noted that if the other party opposes jurisdiction, "the district court should evaluate the record created by the parties to determine its jurisdiction" and "[j]urisdictional discovery may be appropriate." *Carolina Cas.*, 741 F.3d at 1088.

ORDER - 4

Here, because the Court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh*, 546 U.S. at 514, the Court finds that jurisdictional discovery is warranted. Defendant alleges, and Plaintiff does not contest, that Defendant is a corporation and citizen of Wisconsin and Massachusetts. Dkt. # 1 at 4. Defendant further alleges, based on publicly available information and reasonable investigative efforts, that Plaintiff is a citizen of Texas because: (1) Texas is the domicile of Rocky Hardin (Plaintiff's one publicly listed member); and (2) Texas is both the principal place of business and state of incorporation of Embree Development Group (Plaintiff's other member according to its filings in the prior action). Dkt. # 1 at 3-4. Although Defendant has not submitted further evidentiary proof of Plaintiff's citizenship, the Court finds that Defendant has plausibly alleged that Plaintiff is a citizen of Texas.

Plaintiff, however, challenges removal on jurisdictional grounds.[3] It says that Defendant has not established complete diversity because: (1) Embree Development Group is one of Plaintiff's members; and (2) Defendant has failed to establish the citizenship of Embree Development Group's members, many of which are LLCs and/or partnerships that possess multi-state citizenship.[4] Dkt. # 7 at 6. But Plaintiff's Motion does not mention who Embree Development Group's members are or of which states they are citizens. *See generally* Dkt. # 7. Plaintiff's reply, while slightly more detailed, also does not conclusively establish who the

---

[3] The Court does not find it necessary to determine whether Plaintiff's challenge is "factual" or "facial," *see* Dkt. # 8 at 7, as the Court can only assert jurisdiction over the action if it is convinced that complete diversity exists – Defendant must eventually prove the parties' citizenship.

[4] The Court also notes that Plaintiff's Motion relies heavily on Judge King's dismissal of the prior action for lack of subject matter jurisdiction. *See* Dkt. # 10 at 2. The previous dismissal, however, is not dispositive in this case. Although Judge King dismissed Plaintiff's prior action for lack of subject matter jurisdiction, this dismissal was based on *Plaintiff's* failure to allege complete diversity in its initial pleadings and *Plaintiff's* subsequent decision not to amend its complaint to cure its jurisdictional deficiencies. Here, however, the Court is considering *Defendant's* allegations of complete diversity and *Defendant's* ability to establish citizenship at the pleading stage based on information not within its control.

ORDER - 5

members are or of what states they are citizens. *See generally* Dkt. # 10. Although Plaintiff's reply states that one of Embree Development Group's members is Embree Net Lease Fund III, LP, a partnership which "has at least two limited partners who are citizens of the State of Massachusetts[,]" *id* at 4, this allegation contradicts the publicly available information, was mentioned for the first time in Plaintiff's reply brief, and lacks any further evidentiary support beyond a conclusory statement in a short declaration filed by Josiah Byrnes. *See generally* Dkt.[5]

The Court thus finds that Defendant has presented plausible allegations of jurisdictional elements that are sufficient to sustain this Court's jurisdiction at the pleading stage but insufficient to affirmatively establish that this Court has subject matter jurisdiction over the action. The Court further finds that Plaintiff has raised serious doubts about whether complete diversity exists but has failed to provide any actual evidence to rebut Defendant's plausible jurisdictional allegations. The Court is thus unable to "determine its jurisdiction" based on "the record created by the parties" at this time and "conclude[s] that some further showing of citizenship [is] . . . required to confirm its jurisdiction." *See Carolina Cas.*, 741 F.3d at 1088. As the information that is necessary for Defendant to establish complete diversity is held by Plaintiff and not reasonably available to Defendant, the Court finds that jurisdictional discovery is appropriate to resolve the issue of diversity jurisdiction.

## IV
### CONCLUSION

Because the Court is uncertain as to whether it has jurisdiction at this time, the Court hereby:

(1) ORDERS jurisdictional discovery on the issue of diversity; and

---

[5] The Court need not reach Defendant's request to strike Mr. Byrnes' declaration from the record, *see* Dkt. #12 at 3, as striking the declaration would not change the result.

(2) DEFERS ruling on Plaintiff's Motion for Remand (Dkt. # 7), pending the results of the jurisdictional discovery.

(3) The parties shall file a joint status report on the status of discovery on or before January 8, 2026.

Dated this 8th day of October, 2025.

*John H. Chun*
John H. Chun
United States District Judge